UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ANDREW SOTO,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>R.T.C. GROUNDS, Warden,<br><br>　　　　　Respondent. | 1:13 -cv-02097 BAM (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document#14) |

Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner argues that the issues in his case are complex and difficult to understand, he has limited access to the law library and to help from other prisoners, and he needs to undertake unspecified discovery for a summary judgment motion.

A review of the docket shows that a motion to dismiss the petition for untimeliness is pending. The motion presents fairly straightforward issues of the running of the statute of limitations and tolling. Petitioner claims to have evidence of extraordinary circumstances that affect the timeliness of his petition. The Court notes that such evidence must

1

necessarily be within the Petitioner's own personal knowledge.  Petitioner will have an opportunity to present his evidence when he files opposition to the motion to dismiss.

      In summary, in the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time.

      Accordingly, IT IS HEREBY ORDERED that Petitioner's request for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **April 3, 2014**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE